UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY** | **CIVIL ACTION NO. 12-2668** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LARRY W. SHAW, SR., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

This is a suit in interpleader brought by Plaintiff Metropolitan Life Insurance Company ("Metlife") against Defendants Larry W. Shaw, Sr. ("Shaw"); Austin Taylor; Jennifer Taylor; Brandon Taylor,[1] individually and as provisional administrator of the succession of Regina Kay Shaw; Carroll Jordan ("Jordan"); and Kilpatrick Funeral Homes, Inc. ("Kilpatrick"). Metlife seeks a court determination of the beneficiary or beneficiaries and payment of proceeds of the life insurance policy of Regina Kay Shaw ("Mrs. Shaw").

On February 19, 2013, Defendants Shaw and the Taylors filed a Motion for Summary Judgment [Doc. No. 18]. Shaw and the Taylors move the Court for summary judgment that Jordan is not entitled to any portion of the proceeds of Mrs. Shaw's life insurance policy. Defendant Jordan filed two responses to the Motion for Summary Judgment [Doc. Nos. 21 & 22].

For the following reasons, Defendant Shaw and the Taylors' Motion For Summary Judgment is DENIED.

---

[1] The Court will refer to the children collectively as "the Taylors."

I.   **FACTS AND PROCEDURAL HISTORY**

The deceased, Mrs. Shaw, was formerly an employee of Medistar Healthcare Management Company, LLC ("Medistar"). She participated in the Medistar Healthcare Management Co., LLC Plan ("the Plan"), an employee welfare benefit plan sponsored by Medistar and under which death benefits were funded by a policy of group life insurance issued by MetLife. The death benefits were in the amount of $240,000.

On November 23, 2011, Mrs. Shaw died intestate. Mrs. Shaw was survived by her husband, Shaw; her three children from a prior marriage, the Taylors; and her father, Jordan.

Her daughter, Jennifer Taylor, handled the funeral arrangements with Kilpatrick and executed an assignment of benefits of the life insurance proceeds to pay for the funeral, believing at the time that she was a beneficiary of the life insurance proceeds.

Following Mrs. Shaw's death, Medistar was not able to locate a signed designation of beneficiary.

Shaw, the Taylors, and Jordan all claim to be beneficiaries. MetLife received Claimant's Statement and Affidavit from Shaw on January 18, 2012. MetLife also received correspondence from counsel for the succession of Mrs. Shaw, for which Brandon Taylor serves as provisional administrator.

In a February 1, 2012 letter, MetLife denied the claims of Brandon and Jennifer Taylor for the Plan benefits.

In a March 21, 2012 letter, the Taylors and Mrs. Shaw's succession appealed MetLife's decision.

In a May 4, 2012 letter, counsel for the Taylors and Mrs. Shaw's succession provided

affidavits stating that Mrs. Shaw made Jennifer Taylor the beneficiary of the Plan Benefits.

In a July 5, 2012 letter, Jordan, Mrs. Shaw's estranged father, also wrote MetLife stating that he believed the Plan Benefits should be "divided between the heirs listed."

On October 10, 2012, Metlife filed a Complaint in Interpleader [Doc. No. 1] in this Court, explaining that because of the conflicting claims, MetLife cannot determine the proper beneficiary or beneficiaries under the Plan's Facility of Payment of the Plan Benefits. MetLife was permitted to deposit into the registry of the Court the Plan Benefits, plus any applicable interest.

On November 28, 2012, after the Court permitted the release of funds for the payment of the funeral expenses, Kilpatrick was dismissed as a defendant in these proceedings.

On February 19, 2013, Shaw and the Taylors filed the instant Motion for Summary Judgment [Doc. No. 18].

On February 27, 2013, Jordan filed responses to the Motion for Summary Judgment [Doc. Nos. 21 & 22]. In his responses, Jordan requests that the Court equitably divide the life insurance proceeds among Defendants.

II.     LAW AND ANALYSIS

    A.     Motions For Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence

of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**B. ERISA**

This action is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). ERISA applies to employee benefit plans established or maintained by an employer engaged in interstate commerce. The policy in this case is a group policy issued pursuant to an employee welfare benefit plan and, therefore, falls directly within the scope of ERISA.

The rights, regulations, and remedies created by ERISA "supersede any and all state laws insofar as they . . . relate to any employee welfare benefit plan." 29 U.S.C. § 1144(a). The

designation of a beneficiary relates to the plan and is, therefore, governed by ERISA. *See Brandon v. Travelers Insurance Co.*, 18 F.3d 1321, 1325 (5th Cir. 1994) (citing *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir. 1990)).

The Court applies either ERISA statutory language, or if ERISA is silent, the Court looks to federal common law. *See id.* With regard to a beneficiary determination, ERISA provides that the plan administrator follow the plan documents. *See* 29 U.S.C. § 1104(a)(1)(D).

In this case, the Plan provides:

> If there is no Beneficiary designated or no surviving designated Beneficiary at Your death, we may determine the Beneficiary to be one or more of the following who survive you:
>
> 1. Your Spouse;
> 2. Your child(ren);
> 3. Your parent(s); or
> 4. Your sibling(s).
>
> Instead of making payment to any of the above, we may pay your estate. Any payment in good faith will discharge our liability to the extent of the payment.

Thus, if the deceased failed to name a beneficiary, the Plan Administrator has the discretion to select a beneficiary or beneficiaries from the listed classes, or, alternatively, to pay the deceased's estate.

Although MetLife originally denied the Taylors' claim, after receiving correspondence from counsel for the Taylors and the succession, correspondence from Jordan, and a claim from Shaw, MetLife filed this interpleader action asserting that it could not make a determination of beneficiary or beneficiaries.

In the instant Motion for Summary Judgment, Shaw and the Taylors essentially ask the

5

Court to reach its own determination that Jordan cannot recover, even though he is in the listed class of permissible beneficiaries, because of his non-existent relationship with Mrs. Shaw and the fact that he is in the "third class" of potential beneficiaries under the Plan.

However, the Court cannot grant the relief sought by Shaw and the Taylors. The Plan documents place the beneficiary determination in the hands of the Plan Administrator, not the Court. *See Life Ins. Co. of N. Am. v. Nears*, 926 F. Supp. 86, 89 (W.D. La. 1996) (The plan vested in the administrator the discretion of choosing a beneficiary, and, thus, the Court declined "to impose its subjective preference in this determination where the insurer has clearly contracted for the discretion to exercise its own judgment."); *see also Forcier v. Metropolitan Life Ins. Co.*, 469 F.3d 178, 182 (1st Cir. 2006) (Although Rule 22 interpleader may be used to address competing claims of entitlement to ERISA benefits, "MetLife had available to it a perfectably acceptable route–payment to the estate–which seemingly, given the plain tenor of the policy language, would have shielded it from liability. For whatever reason, it eschewed the use of that reserved power and chose instead to burden the district court. It is, therefore, entirely possible that, had there been a timely objection, the court might have found interpleader improper and directed that the case be returned to MetLife for an initial benefits determination.").[2] All the Defendants are potential beneficiaries under the four categories listed, but the Plan Administrator has failed to make a determination. The Court's role is to review that determination for abuse of

---

[2]The *Forcier* Court chose to address the beneficiary determination by the district court because neither of the potential beneficiaries objected to MetLife's request for interpleader or to MetLife's subsequent dismissal from the action. 469 F.3d at 182-83. In this case, however, MetLife remains a party to the action, and the Court has raised the issue *sua sponte*.

discretion, not to render the decision in the first place.[3] Therefore, Shaw and the Taylors' Motion for Summary Judgment is DENIED.

The Court further gives *sua sponte* notice of its intent to dismiss MetLife's claims for lack of an active case or controversy. If the parties wish to oppose this dismissal, they must file a memorandum no later than May 1, 2013.

### III. CONCLUSION

For the foregoing reasons, Defendant Shaw and the Taylors' Motion for Summary Judgment [Doc. No. 18] is DENIED.

MONROE, LOUISIANA, this 18th day of April, 2013.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3] If the benefits plan gives the plan administrator "discretionary authority to determine eligibility for benefits under the plan or to interpret the plan's provisions, our standard of review is abuse of discretion." *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 269 (5th Cir.2004)(internal quotation marks omitted).